IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARVIN L. MALONE,<br>    Plaintiff, | § § § | |
| v. | § | 3:09-CV-1838-L |
| | § | |
| TEXAS STATE PAROLE OFFICIALS,<br>et al.,<br>    Defendants. | § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil action submitted by a state prisoner on the form for filing civil rights cases pursuant to 42 U.S.C. § 1983. The court has not issued process in this case pending preliminary screening.

Findings and Conclusions: Plaintiff Marvin L. Malone ("Malone") has filed numerous cases stemming from his underlying criminal conviction and subsequent release to mandatory supervision/parole.[1]

---

[1] Malone is under parole supervision for the 1985 Dallas County conviction for the sexual assault of his granddaughter for which he was sentenced to a term of forty years imprisonment. *State v. Malone*, No. F85-98931-IM (194th Jud. Dist. Court 1985), *affirmed*, No. 05-85-01401-CR (Tex. App.– Dallas Nov. 5, 1986, no pet.). Since his conviction was affirmed, he has filed at least six applications for habeas corpus relief pursuant to art. 11.07 Tex. Code of Criminal Procedure. He has filed multiple § 2254 petitions in this court since late 1986 attacking his sexual assault conviction. After at least three § 2254 petitions were dismissed for failure to exhaust state remedies, this court denied relief on the merits in a judgment filed on January 2,

Shortly after the court dismissed as frivolous his last filed case seeking injunctive relief against the Texas Board of Pardons and Parole,[2] Malone filed the present action naming Texas and Oklahoma parole authorities and a private counseling organization in Okemah, Oklahoma, as defendants.

Although Malone mailed the original complaint from his private residence in Oklahoma, he was re-incarcerated shortly thereafter within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) due to parole/mandatory supervision violation(s). According to TDCJ's records, he remained incarcerated until December 16, 2009, when he was released once again on mandatory supervision/parole.[3] According to his last correspondence, he resides at the Beaumont Center in Beaumont, Texas.

Despite his veteran status as a litigant in federal court, Malone failed to include with his original civil rights complaint either the $350 filing fee or a request to proceed *in forma pauperis*. Accordingly, on October 1, 2009, a notice of deficiency and order was issued and on

---

1992. *See Marvin Luther Malone v. Director, Texas Dep't of Criminal Justice – Institutional Div.*, No. 3:90cv2874-H (N.D. Tex. 1992). On October 5, 1992, the Fifth Circuit Court of Appeals denied his request for a certificate of probable cause. His subsequently filed § 2254 petitions have been dismissed as successive. *See* Nos. 3:03cv2204-N; 3:05cv1990-D; and 3:07cv2032-P. The Fifth Circuit has never granted Malone leave to file a successive petition. *See In re Malone*, No. 08-10280 (5th Cir. Jul 8, 2008).

In addition to his § 2254 petitions, Malone has filed no less than four civil rights actions in this court seeking monetary damages against persons whom he blames for having caused his conviction for sexual assault of a child. *See Malone v. Ritchie*, No. 3:86cv2132-F; *Malone v. Dallas County*, No. 3:87cv1242-F; *Malone v. Cheghead*, No. 3:90cv1478-R; and *Malone v. Read*, No. 3:90cv1782-H. Each of these cases was dismissed prior to issuance of process.

[2]   *See Marvin L. Malone v. Texas State Parole Board*, No. 3:09cv0518-M (N.D. Tex. Jul. 20, 2009) (accepting findings and conclusions of the magistrate judge) (dismissing request for habeas corpus relief for want of jurisdiction, and dismissing injunctive relief claims against Texas and Oklahoma state parole officials with prejudice as frivolous).

[3]   The court confirmed this information by calling TDCJ at 936-295-6371.

November 3, 2009, Malone submitted his request to proceed *in forma pauperis*. However, his request did not include a certified statement of his inmate trust account as required by the Prison Litigation Reform Act.

On November 12, 2009, the court issued a second notice of deficiency and order noting the deficiencies in Malone's *in forma pauperis* request as well as the complaint's failure to comply with the provisions of Rule 8(a), Fed. R. Civ. P. The order directed him to cure these deficiencies within thirty days. On December 15, 2009, Malone submitted his certificate of inmate trust account (Doc. #8), and his amended complaint (Doc. #7).

The amended complaint renames State parole authorities as defendants. In an effort to comply with the requirements of Rule 8(a)(2) – *see* amended complaint at page 4, paragraph V, Statement of Claim – Malone alleges his often repeated claim that he was wrongly convicted of sexual assault of a child in 1985. As set out in note 2, *supra*, his claim is cognizable only in the context of a § 2254 petition, and because his collateral attack on his underlying criminal conviction was previously denied on the merits, he must first obtain leave from the Fifth Circuit to file a successive § 2254 petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999) (district court lacks jurisdiction over successive habeas corpus petition unless the Fifth Circuit has first granted leave to file). Therefore, the district court should dismiss any claim challenging Malone's underlying criminal conviction for want of jurisdiction.

Plaintiff's release from confinement renders moot his request for immediate release from custody or, alternatively, for damages for time spent in custody. *See* Plaintiff's Dec. 15 and 29, 2009 letters to the court (Doc. # 9 and #10).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint, which is tantamount to habeas corpus petition challenging Plaintiff's underlying criminal conviction, be DISMISSED for want of jurisdiction.  *See* 28 U.S.C. § 2244(b)(3)(A).

Signed this 19th day of January, 2010.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.