IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MARVIN L. MALONE**, § | |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. **3:09-CV-1838-L** |
| § | |
| **TEXAS STATE PAROLE OFFICIALS**, § | |
| **et al.**, § | |
| § | |
| Defendants. § | |

## ORDER

Plaintiff Marvin L. Malone ("Plaintiff"), a state prisoner, filed this *pro se* civil action on the form for filing civil rights cases pursuant to 42 U.S.C. § 1983 on September 25, 2009. The case was referred to United States Magistrate Judge Wm. F. Sanderson, Jr., pursuant to Special Order 3-251. On January 19, 2010, the Findings, Conclusions and Recommendation of the United States Magistrate Judge (the "Report") was filed by the magistrate judge. Plaintiff filed objections to the Report on February 2, 2010.

The magistrate judge recommends that the court dismiss this action for want of jurisdiction because Plaintiff's complaint is tantamount to a habeas corpus petition challenging his underlying criminal conviction. Plaintiff has an extensive history of filing applications for habeas corpus relief in state court, and he has filed multiple § 2254 petitions in this court since 1986, attacking his sexual assault conviction. After at least three of those § 2254 petitions were dismissed for failure to exhaust state remedies, the court finally denied relief on the merits in a judgment filed on January 2, 1992, signed by the Honorable Judge Barefoot Sanders. The court has since dismissed his

**Order – Page 1**

subsequent § 2254 petitions as successive, and the Fifth Circuit has never granted Plaintiff leave to file a successive petition.

Plaintiff objects to the Report, apparently to express concern about the magistrate judge's statement of facts and to challenge courts who do not "uphold the law." Plaintiff contends that the magistrate judge made a mistaken finding of fact by indicating in the Report that Plaintiff was incarcerated when he moved to proceed *in forma pauperis*; Plaintiff argues that he was not in prison at this time, but instead at home with "no money." The court determines that whether Plaintiff was incarcerated or not when he moved to proceed *in forma pauperis* is irrelevant for the determination of the jurisdictional at issue here. With respect to Plaintiff's challenge to courts who do not "uphold the law," he argues that his repeated filing of petitions is justified because he was "wrongly convicted of sexual assault in 1985" and the "judge was [corrupt] as well as the prosecutor." The court has no evidence to support Plaintiff's contention of corruption in his state court conviction. His conviction was appealed and affirmed by the State Court of Appeals, and he did not file a petition for review by the Texas Court of Criminal Appeals. The state appellate court was in a better position to consider such an allegation of corruption than this court, and that the appellate court affirmed the conviction demonstrates to this court that Plaintiff's contention is without merit.

In light of Plaintiff's repeated filings in this court and the court's 1992 judgment denying relief for his § 2254 petition on the merits, the court determines that Plaintiff's complaint in this case is successive. Because the Fifth Circuit has not granted Plaintiff leave to file a successive petition, the court cannot exercise jurisdiction over this case. Having reviewed the filings, record, applicable law, the Report, and Plaintiff's objections, the court **determines** that the magistrate judge's findings and conclusions are correct. They are therefore **accepted** as those of the court. Accordingly, the

court **dismisses without prejudice** this action for want of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A).

    **It is so ordered** this 4th day of February, 2010.

                                            Sam A. Lindsay
                                            United States District Judge